**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OM FINANCIAL LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GNIA P. VANG and PA KOU XIONG,<br><br>　　　　　Defendants. | CV F 08-1199 AWI GSA<br><br>MEMORANDUM OPINION AND ORDER ON MOTION OF PA KOU XIONG FOR PARTIAL SUMMARY JUDGMENT<br><br>[Doc. # 16] |

　　This is an action in interpleader by plaintiff OM Financial Life Insurance Company ("OM Financial") to settle claims to the proceeds of a life insurance policy on decedent Chou Vang ('Decedent"). The claimants to the proceeds of the insurance policy are Gnia P. Vang, Decedent's father (hereinafter, "Vang"), and Pa Kou Xiong, Decedent's wife (hereinafter, "Xiong"). In the instant motion, Xiong seeks summary judgment as to only the community property portion of the insurance proceeds. The court has diversity jurisdiction in this interpleader action pursuant to 28 U.S.C. § 1332. Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

　　The parties do not dispute that Decedent and Xiong were married on March 6, 2006. Xiong alleges that the insurance policy covering Decedent was issued on June 20, 2006. Xiong's motion for partial summary judgment does not allege the type of insurance policy, beneficiary(ies), or terms of premium payment. In the complaint in interpleader, OM

Financial alleges that the insurance policy as originally taken out names Xiong as the primary beneficiary and Decedent's children with Xiong as the contingent beneficiaries. Doc. # 1 at ¶9. The interpleader complaint also alleges that sometime between January 10, 2008, and January 17, 2008, the primary beneficiary was changed to Vang and the contingent beneficiary was changed to Sao Lee, Decedent's mother. Doc. # 1 at ¶ 11. There is a dispute as to the authenticity of the request to change the beneficiaries.

It is undisputed that Xiong and Decedent were having marital difficulties as of the time of the accident causing Decedent's death. The extent of the marital difficulties and the legal status of the marriage at the time of Decedent's death is in dispute. The court understands that it is Vang's contention that the extent of estrangement between Decedent and Xiong was such that the couple were legally separated. Xiong contends she and Decedent were not legally separated. The parties agree that Decedent died on January 25, 2008, following a single vehicle accident.

OM Financial filed this action in interpleader on August 14, 2008. Funds representing the proceeds of the life insurance policy were deposited with the court on the same date. Xiong filed her answer on September 11, 2008. Xiong's answer cross-claims against Vang and counter-claims against OM Financial. On October 9, 2008, Vang filed his answer and counter-claims against OM Financial. The instant motion for partial summary judgment was filed by Xiong on December 30, 2008. Opposition to Xiong's motion for summary judgment was filed by Vang on January 5, 2009, and a further opposition was filed on January 19, 2009. OM financial filed an opposition to Xiong's motion on January 20, 2009. On January 25, 2009, Xiong filed a first amended cross-claim against Vang. The matter was taken under submission as of February 2, 2009.

## LEGAL STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a

matter of law.  Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Poller v. Columbia Broadcast System, 368 U.S. 464, 467 (1962); Jung v. FMC Corp., 755 F.2d 708, 710 (9th Cir. 1985); Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1313 (9th Cir. 1984).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Although the party moving for summary judgment always has the initial responsibility of informing the court, the nature of the responsibility varies "depending on whether the legal issues are ones on which the movant or the non-movant would bear the burden of proof at trial." Cecala v. Newman, 532 F.Supp.2d 1118, 1132-1133 (D. Ariz. 2007).  When the moving party has the burden of proof at trial, that party must carry its initial burden at summary judgment by presenting evidence affirmatively showing, for all essential elements of its case, that no reasonable jury could find for the non-moving party.  United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir.1991) (en banc); Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986); see also E.E.O.C. v. Union Independiente De La Autoridad De Acueductos Y Alcantarillados De Puerto Rico, 279 F.3d 49, 55 (1st Cir. 2002) (stating that if "party moving for summary judgment bears the burden of proof on an issue, he cannot prevail unless the evidence that he provides on that issue is conclusive.")

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the mere allegations or denials of its

3

pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Anderson, 477 U.S. 248-49; Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank, 391 U.S. at 290; T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments); International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1405 (9th Cir. 1985).

## DISCUSSION

In the instant motion Xiong seeks summary judgment on her third cross-claim against Vang as set forth in her "Amended Answer to Complaint-in-interpleader, Cross Claim and Request for Jury Trial. Doc. # 22 at 8. In her third cross claim, Xiong alleges that Decedent and Xiong were married on March 10, 2006, and the life insurance policy at issue was applied for on May 19, 2006. Xiong alleges that the policy was purchased entirely with community property funds. Xiong alleges that, although she and Decedent sometimes lived apart, there was never an intent to end their marriage up to and including the date of the

4

accident. Xiong alleges that all of the premiums on the insurance policy were paid using community property funds. Xiong contends that, because she and Decedent were never legally separated, Decedent was not entitled to name Vang as sole primary beneficiary and that Xiong is entitled to a community property share, or fifty percent, of the proceeds of the policy separate and apart from any other claims asserted by any party in this action. See, id.

"[P]roperty acquired during a legal marriage is strongly presumed to be community property and that presumption is fundamental to the community property system." In re Marriage of Nuell, 23 Cal.App.4th 730, 734 (2nd Dist. 1994). On the other hand, "[t]he earnings and accumulations of a spouse [. . .] while living separate and apart from the other spouse, are the separate property of the spouse." Cal. Fam. Code § 711; In re Marriage of Norviel, 102 Cal.App.4th 1152, 1158 n.1 (6th Dist. 2002). In the context of term life insurance,[1] the proceeds of a life insurance policy are fully community property where community funds were used to pay the premium that covered the period of time during which the insured died. Estate of Logan v. Logan, 191 Cal.App.3d 319, 325 (1st Dist. 1987). The community nature of the proceeds of a term life insurance policy that is paid for with community funds is unchanged by the naming of other beneficiaries prior to the insured's death. Id. at 322 n.3.

It is clear that whether Xiong and Decedent were living "separate and apart" within the meaning of Family Code section 711 at the time the payment of the premium that provided insurance benefits as of the time of Decedent's death is absolutely central to Xiong's claim to entitlement of the community property portion of the insurance proceeds. It is also clear from case authority that the determination of whether Xiong and Decedent were

---

[1] Xiong does not specify if the insurance policy in question is a term insurance policy or whether the policy provides some paid-up benefits. The court's review of the policy as provided at Exhibit "A" of Plaintiff's interpleader complaint seems to indicate the policy, unlike an ordinary term life insurance policy, may have a positive surrender value based on changes in company share prices over time. While the distinction between term life insurance and paid-up benefit life insurance may have considerable importance to future determinations by the court, the distinction is not important to the court's determination that Xiong's motion is premature.

5

living separate and apart is intensely factual.

"The phrase 'living separate and apart' is itself 'a term of art.'" Norviel, 102 Cal.App.4th at 1158. Living "separate and apart" is a condition that exists when; (1) the "spouses have come to a parting of the ways with no present intention of resuming marital relations," and (2) where the spouses' *conduct* evinces "a complete and final break in the marital relationship." In re Marriage of Baragry, 73 Cal.App.3d 444, 448 (2nd Dist. 1977) (italics added). So far as the court can determine from review of the case authority cited by Xiong, there is no single factor that is, by itself, dispositive of the question of whether former spouses have reached a point of living "separate and apart." Rather, courts review the evidence adduced by the parties and look for indicia of an intent, or lack of intent, to bring a final and complete end to the marital relationship. See, e.g. id. at 447-448; Norviel, 102 Cal.App.4th at 1161-1163 (citing extensive authority for proposition that cohabitation is not necessarily determinative of presence or absence of marital relationship); In re Marriage of Nuell, 23 Cal.App.4th at 735-737 (noting need for court to focus widely on all indicia of conduct indicating the lack of any present intent to resume marital relatons).

In her motion for partial summary judgment, Xiong alleges facts relating to Decedents conduct during the time just prior to his death that tend to indicate the absence of a complete and final break in the marital relationship. Vang's opposition, on the other hand, alleges that facts probably exist that tend to prove that Xiong and Decedent were living separate and apart, but that discovery has not been had as yet and a complete exposition of relevant facts is not possible at this time.

The court finds that Vang's argument regarding the need to conduct discovery is compelling. Even if the court were to assume the validity of the facts alleged by Xiong, the court cannot conclude that Xiong and Decedent were or were not living separate and apart as a matter of law. Under the authority cited by Xiong, the court can only determine the status of the marital relationship between Decedent and Xiong by considering and weighing facts

adduced by both sides. The fact-driven nature of the court's inquiry into the status of the marital relationship between Xiong and Decedent at the time of Decedent's death makes it imperative that both parties have a full and fair opportunity to develop an evidentiary basis for their factual allegations. The court finds that opportunity has not yet been afforded. Xiong's motion for partial summary judgment will therefore be denied without prejudice as premature.

THEREFORE, in accord with the foregoing discussion, Xiong's motion for partial summary judgment is hereby DENIED without prejudice.

IT IS SO ORDERED.

**Dated:   March 18, 2009**              /s/ **Anthony W. Ishii**
                                        CHIEF UNITED STATES DISTRICT JUDGE