# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OM FINANCIAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GNIA P. VANG and PA KOU XIONG,<br><br>Defendants. | 1:08-cv-1199 AWI GSA<br><br>ORDER DENYING MOTION FOR LEAVE OF THE COURT TO FILE IMPLEADER THIRD-PARTY COMPLAINT<br><br>(Doc. 26) |

**I.  Introduction**

Pending before the court is Defendant, Pa Kou Xiong's ("Xiong") Motion for Leave to File an Impleader Third-Party Complaint filed on March 5, 2009. (Doc. 26).  No opposition to the motion has been filed. The court has examined the motion and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h).  The hearing scheduled for April 3, 2009 was vacated.  Upon examining the motion and the third-party complaint, the motion is DENIED.

**II.  Procedural Background**

Plaintiff Old Mutual Financial Life Insurance Company ("Plaintiff"or "OM Financial") filed the instant interpleader action in this court on August 14, 2008 seeking the court's resolution of adverse claims to the decedent, Chou Vang's ("Decedent") life insurance policy. Funds in the amount of $203,322.28, representing the proceeds of the life insurance policy, plus

1

interest, were deposited with the court on the same date.

At issue in this case is a determination of the proper beneficiary of the life insurance policy. At the time the policy was issued, Xiong, the decedent's wife, was named the primary beneficiary of the policy, and Andy Vang and Shawn Vang, the decedent's sons, were named the contingent beneficiaries.

At some point between January 10, 2008, and January 17, 2008, OM Financial received a Request for Service Form dated January 10, 2008, seeking to have the primary beneficiary changed to Gnia P. Vang ("Vang"), the decedent's father. Sao Lee, the decedent's mother was listed as contingent beneficiary. In the interim, the decedent was involved in a single vehicle motor accident on January 13, 2008. He died on January 25, 2008.

Xiong filed her answer to the complaint on September 11, 2008. Doc. 11. Xiong's answer cross-claims against Vang and counterclaims against OM Financial. On October 9, 2008, Vang filed his answer and cross-claims against OM Financial. Doc. 13. Xiong filed a motion for partial summary judgment on December 30, 2008, contending that because the policy was purchased with community property funds, she is entitled to a community property share, or fifty percent of the proceeds of the policy, separate and apart from any other claims asserted by a party in this action. Doc. 16. Both OM and Vang filed oppositions to the motion for summary judgment. Docs. 19, 20, 21. The Honorable Anthony W. Ishii denied the motion for summary judgment without prejudice on March 18, 2009. Doc. 29.

In support of the Motion to Implead Third-Party Defendants, Xiong contends that the beneficiary change request form was forged and submitted after the decedent had lapsed into a coma. In particular, Xiong alleges that an investigation revealed that an agent, other than the agent who wrote the initial policy, submitted the Request for Service Form to OM Financial. Xiong alleges that Peter Lor, a manager of Americo, is the agent who submitted the request to change the beneficiary form to OM Financial.[1] Ms. May Lor, alleged to be an employee of Peter

---

[1] It is unclear what the exact nature of Americo's business is as the only allegation contained in the proposed third-party complaint is that "Americo is a business entity of unknown form doing business in the City and County of Fresno." Third-Party Complaint at ¶ 4. The court assumes Americo is an insurance business.

2

Lor, allegedly never saw the decedent sign the form and committed an act of fraud by signing the form as a witness. As a result, Xiong is requesting that Peter Lor, May Lor, and Americo ( "third-party defendants") be brought into this action through impleader in order to bring causes of action of fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress against these defendants. In the third-party complaint, Xiong is seeking a monetary judgment in an unspecified amount, an unspecified amount of punitive damages, and any other relief the court deems proper.

Xiong contends that granting this motion will preserve judicial resources. Otherwise, she will be forced to litigate a second suit on primarily the same issues duplicating court time and resources in this court or in state court.

### III. Discussion

Fed.R.Civ.P. 14(a) provides for service of a third-party complaint upon a person not a party to the action who is or may be liable to [the original defendant] for all or part of the claim against it. Defendant need not obtain leave of the court to serve and file a third-party complaint, if is it filed within 10 days after defendant serves its original answer to the complaint in the main action. Fed. R. Civ. Proc. 14(a)(1). In all other circumstances, leave of the court to serve and file a third party complaint must be sought by motion. Fed. R. Civ. Proc. 14(a)(1).

The purpose of impleader is to promote judicial efficiency by eliminating the need for the defendant to bring a separate action against the parties secondarily or derivatively liable to the defendant on account of the plaintiff's claim. Southwest Admin., Inc. v. Rozay's Transfer, 791 F. 2d 769, 777 (9th Cir. 1986). The decision whether to permit a third party claim under Rule 14 is left to the sound discretion of the trial court. Id.

Xiong argues that impleader is limited to claims that are derivatively liable based on the original claims. Defendant cites to one case, US. vs. One 1977 Mercedes Benz, 708 F. 2d 444 (9th Cir. 1983) in support of her position. However, US v. One 1977 Mercedes Benz, also indicates that a third-party claim may be asserted only when the third-party's liability is in some way dependant on the outcome of the main claim and the third-party's liability is secondary or derivative. U.S. v. One 1977 Mercedes Benz, 708 F.2d at 452 (citations omitted). It is not

sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim. Id. See also, Stewart v. American Intern. Oil & Gas Co., 845 F. 2d 196 (9th Cir. 1988).

Defendant Xiong argues that the actions against the third-party defendants are all derivative because she is entitled not only to her community property interest, but also tort damages against those who filed the request to change the beneficiary form. However, the crucial characteristic of a Rule 14(a) claim is not to bring all related tort actions, but instead that the original defendant is *attempting to transfer to the third-party defendant the liability asserted by the original plaintiff*. (Emphasis added). Stewart v. American Intern. Oil and Gas Co., 845 F. 2d at 200 quoting 6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.) ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough"). Thus, Rule 14(a) "is available only against persons who are, or may be liable to defendant for part or all of plaintiff's claim; it cannot be used as a way of combining all controversies having a common relationship in one action." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure, Civil 2d § 1442 at 295 (2008); See also, Metropolitan Life Ins., v. Cronenwett, 162 F. Supp. 889, 889 (D.C. Ohio 2001) (Defendant in insurer's interpleader action to determine the proper beneficiary of a life-insurance policy could not assert a third-party complaint for breach of fiduciary duty against the plan administrator based on improper distribution of funds from the decedent's savings plan because the claims were not related and defendant did not assert that the third-party defendant was or could be responsible for any liability incurred by defendant).

Even though there has been counterclaims and cross-claims filed in this case, this is an interpleader action where Plaintiff, OM Financial, has requested that the court resolve the issue of a proper beneficiary. The claim Plaintiff brings is not one of ascertaining liability, but one resolving a dispute regarding the proceeds of a life insurance policy. Given the nature of the interpleader action, Xiong could not transfer liability to the third-party defendants which is a crucial element of an impleader action. For example, if the court determines that Xiong is the

4

proper beneficiary, Xiong has incurred no liability because she has won the case.[2]  Similarly, if the court determines that Vang is the proper beneficiary, no liability would be transferable to the third-party defendants since a determination would have been made that the decedent's signature is valid and the third-party defendants would not be liable to Xiong.

Fraud and intentional and negligent infliction of emotional distress of the third-party defendants are certainly related tort actions, and the third-party defendants will undoubtedly be witnesses in this case if the case proceeds to trial.  However, impleader is not appropriate for the adjudication of the issues central to this action.  Specifically, none of the third-parties are named beneficiaries in the case, and has never made a claim to the death benefit, nor does their introduction into this case transfer any of Xiong's liability to them.  Additionally, bringing in these parties would unnecessarily complicate this litigation.  For example, at this juncture, it appears that this action will be a court trial, however, there is a request for a jury trial in the third-party complaint.  Thus, adding these defendants will significantly change the nature of these proceedings.

The court is aware that impleader motions should be construed liberally to promote judicial efficiency and to avoid a party bringing a separate action which may result in increased expenses and the possibility of inconsistent results.  However, given the facts of this case, coupled with the nature of this interpleader action, impleader is not proper and will only unnecessarily complicate the central issue in this action which is to determine who is entitled to the death benefits.  The parties are advised however that this order does not preclude Defendant Xiong from filing a separate action against the third-party defendants either in this court or in state court.[3]

///

///

---

[2] Xiong may however independently assert claims against the third-party defendants in a separate lawsuit for fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress.

[3] It is noted that it is unclear whether diversity jurisdiction exists that would allow for the filing of another action against the third-party defendants within this jurisdiction.

5

**IV. Conclusion**

Accordingly, Defendant's Xiong's Motion for Leave of the Court to File an Impleader Third-Party Complaint is DENIED.

IT IS SO ORDERED.

Dated: **April 2, 2009**          **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE